UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2061-DMG (Ex)** | Date | April 22, 2021 |
| Title | *Mary Delgado v. American President Lines, LLC, et al.* | Page | 1 of 3 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [9]**

This matter is before the Court on Plaintiff Mary Delgado's Motion to Remand ("MTR"). [Doc. # 11.] The MTR is fully briefed. [Doc. ## 13, 15.] For the reasons set forth below, the Court **GRANTS** the MTR.

**I.**
**BACKGROUND**

On January 29, 2021, Plaintiff filed a Complaint in the Los Angeles County Superior Court against Defendants American President Lines, LLC ("APL") and Trinie Thompson. *See* Boutros Decl. ¶ 3, Ex. A (Complaint) [Doc. # 1-1]. The Complaint asserts various claims for employment retaliation and discrimination against APL, as well as claims for sexual harassment against both APL and Thompson pursuant to California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(j), and California Civil Code section 51.9. *Id.* Plaintiff alleges in the Complaint that Thompson worked with her at APL, and that while at work Thompson "would regularly grab, slap, and/or touch Plaintiff's buttock and make sexual comments," and continued to do so despite Plaintiff's repeated requests to stop. *Id.* at ¶ 11. The Complaint offers one example of such conduct, where Thompson slapped Plaintiff on the buttock in the bathroom and when Plaintiff told her to stop, Thompson responded "I know you told me to stop, but I can't help it." *Id.* Plaintiff alleges that she advised her supervisor of Thompson's behavior, but nothing was done in response. *Id.* at ¶ 12.

On March 5, 2021, APL removed the action, asserting that this Court has diversity jurisdiction because Plaintiff is a citizen of California, APL is a citizen of Delaware and the District of Columbia, and while Thompson is also a citizen of California, she was fraudulently joined and so her citizenship should not be considered.[1] Not. of Removal [Doc. # 1]. Plaintiff now moves

---

[1] Defendants also claim, and Plaintiffs do not dispute, that the amount in controversy exceeds $75,000.

| UNITED STATES DISTRICT COURT | JS-6 / REMAND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |
| CIVIL MINUTES—GENERAL | |

| Case No. | CV 21-2061-DMG (Ex) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Mary Delgado v. American President Lines, LLC, et al. | Page | 2 of 3 |
|---|---|---|---|

to remand, arguing that Thompson is not a sham defendant, and so the parties are not diverse. *See* MTR.

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and "that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

## III.
## DISCUSSION

APL argues that Plaintiff's FEHA claim cannot survive because she has failed to allege that Thompson's conduct was motivated by sex or that it was sufficiently severe or pervasive enough to create a hostile or abusive work environment. *See* Opp. at 6 (citing *Lyle v. Warner Bros.*

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2061-DMG (Ex) | Date | April 22, 2021 |
| Title | Mary Delgado v. American President Lines, LLC, et al. | Page | 3 of 3 |

*Television Productions*, 38 Cal. 4th 264, 283 (2006) ("To establish liability in a FEHA hostile work environment sexual harassment case, a plaintiff employee must show she was subjected to sexual advances, conduct, or comments that were severe enough or sufficiently pervasive to alter the conditions of her employment and create a hostile or abusive work environment.")).

     APL assumes that Thompson's conduct was too trivial to state a claim for FEHA—that it was merely "annoying"—and that it was not based on sex. What is more, APL asks the Court not only to reach these highly factual conclusions at the pleading stage, but also to find that there is *no possibility* of them being otherwise. *See Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1130–31 (4th Cir. 1995) ("Whether harassment is sufficiently severe or pervasive to create an abusive work environment is 'quintessentially a question of fact.'"). APL fixates on the one example Plaintiff lists in her Complaint, concluding factually that it alone (and APL's response to it) is not sufficient to state a FEHA claim. First, even if the one example was the only conduct alleged, the Court cannot resolve at this stage whether it is severe enough to state a claim. *See* Cal. Gov't Code ¶ 12923(b) ("A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment."). Plaintiff alleges that following Thompson's conduct, she took a medical leave of absence as a result of an anxiety disorder. Compl. ¶ 13. Second, the example in Plaintiff's Complaint was just that—an *example*. She alleges in terms too clear to be misunderstood that Thompson's conduct was "regular[]," "repeated[]," and "relentless." Even if these more generic accusations were insufficient to state a claim, Plaintiff would surely be allowed to amend her Complaint to plead more specific allegations.

     In sum, there is clearly at least a *possibility* that Plaintiff will prevail on her FEHA claim against Thompson.[2]

## V.
## CONCLUSION

     In light of the foregoing, Plaintiffs' MTR is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court. The April 23, 2021 hearing is **VACATED**.

**IT IS SO ORDERED**.

---

[2] As such, the Court need not address the claim against Thompson under Civil Code section 51.9.